**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAMAKANT SINGH,

        Plaintiff,

v.                                          Case No. 6:13-cv-1076-Orl-37KRS

SANJAY PRASAD; and UNIVERSAL
SYSTEM TECHNOLOGIES, INC.,

        Defendants.

**TEMPORARY RESTRAINING ORDER**

This cause is before the Court on the following:

1. Plaintiff Ramakant Singh's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Legal Memorandum (Doc. 29), filed August 28, 2013; and

2. Prasad's Response to Ramakant Singh's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 31), filed August 31, 2013.

Upon consideration, the Court grants Plaintiff's motion and institutes a limited temporary restraining order, for the reasons set forth below.

**BACKGROUND**

Plaintiff Ramakant Singh is the President and Treasurer of Defendant Universal System Technologies, Inc. ("UST"). (Doc. 29-1, Singh Aff. ¶ 2.) Defendant Sanjay Prasad is the Chief Executive Officer and Secretary of UST. (*Id.*, Ex. C, p. 19.) UST is a closely held corporation, with Singh and Prasad as the only two shareholders and directors. (*Id.*, Singh Aff. ¶ 2.)

Singh and Prasad are at odds over the ownership and control of the company. (*Id.* ¶ 4.) Singh argues that he is the rightful owner of 50% of UST, while Prasad asserts that he actually owns a 51% majority share. (Doc. 29, pp. 3–4.) On July 11, 2013, Prasad called a board meeting for the express purpose of removing Singh as President and Treasurer. (Doc. 29-2, Ex. H, p. 24.) Through counsel, Singh advised Prasad that the notice of board meeting was defective, and the parties came to a brief detente. (Doc. 29, pp. 6–7.)

However, on August 21, 2013, Prasad called another board meeting—set for next Thursday, September 5, 2013—for the purpose of discussing, among other things, "[o]peration and management of the company during the pending litigation." (Doc. 29-1, Ex. C, p. 19.) Singh believes that this meeting is akin to another attempted ouster, as Prasad will not agree to a meeting of the parties that is not a shareholder meeting, nor will he agree that no votes will be taken at the meeting. (Doc. 29, pp. 8–9.)

Therefore, Singh filed the instant motion for a temporary restraining order ("TRO"), asking the Court to prevent the imminent meeting or, in the alternative, to allow the meeting to proceed but prevent any votes from occurring. (*Id.* at 1.) Singh also asks the Court for a preliminary injunction. (*Id.*) Because both parties had already appeared in this action at the time that the motion for TRO was filed, the Court granted Prasad leave to file an expedited response. (Doc. 30.) Prasad argues that Singh will suffer no irreparable injury because he is actually the one to blame for any mismanagement of UST. (Doc. 31, pp. 8–12.) Both parties agree that an emergency hearing is unnecessary. (*Id.* at 14; Doc. 32.) This matter is now ripe for the Court's adjudication.

## STANDARDS

The Court is authorized to enter a TRO in limited circumstances. *See* Fed. R.

Civ. P. 65(b); Local Rule 4.05. The party seeking relief must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury "so imminent that notice and a hearing on the application for preliminary injunction is impractical"; (3) that the balance of equities favors the movant; and (4) that the TRO, if issued, will not be adverse to the public interest. *See* Local Rule 4.05(b)(2)–(4); *see also Haitian Refugee Ctr., Inc. v. Baker*, 950 F.2d 685, 686–87 (11th Cir. 1991); *cf. Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1240 (11th Cir. 2005) (discussing the standard in the preliminary injunction context).

## DISCUSSION

Upon review of the parties' limited briefing and evidence, the Court will allow the September 5 shareholder meeting to proceed. However, on the present record, Singh has adequately demonstrated that he could be imminently and irreparably injured by a vote at the shareholder meeting, such that a TRO is appropriate on that issue. Therefore, the Court will temporarily restrain any votes from being taken in order to maintain the status quo.

First, Singh has demonstrated that he is likely to succeed on his claim of judicial dissolution, given the rancor between the parties and the fierce dispute as to ownership percentages. Singh points to layoffs made solely on Prasad's orders (Doc. 29-1, Ex. D, p. 21) and a letter sent by Prasad to a major client of the company disavowing Singh's actions and asserting himself as "the current in-charge" (*id.*, Ex. F, p. 30) as proof that Singh is likely to succeed on his claim, which is largely predicated on the argument that the management of the company is hopelessly deadlocked. Prasad's response does nothing to disabuse the Court of that notion, as he volleys similar arguments back at Singh, claiming that Singh is the "only" manager of the company and that he held all the

"purse strings." (Doc. 31, pp. 8, 11.) This acrimony demonstrates a likelihood of success on the claim that the company should be dissolved.

Furthermore, Singh has shown irreparable harm due to Prasad's repeated attempts at ouster. The previous July 11 board notice explicitly demonstrates that Prasad intended to remove Singh from his positions at the company, take charge of the company's finances, and make significant hiring and firing decisions without Singh's approval. (Doc. 29-2, Ex. H, p. 24.) Though the August 21 board notice is phrased in cagier language and Prasad's counsel asserted that "there will be no attempt at the shareholders meeting on Sept 5 to remove Mr. Singh from any of his current role [sic] in the company" (Doc. 31-2, Ex. D, p. 16), there remains a distinct possibility of a vote on other matters important to Singh and the company—which would likely go quite poorly for Singh given Prasad's insistence that he is the rightful majority shareholder. (*See* Doc. 29-1, Ex. C, p. 19 (referring to "[a]ny other matters of importance to the company").) Thus, Singh has established that he could be irreparably harmed by any impending vote.

For similar reasons, the balance of equities also tips in Singh's favor as the (ostensible) minority shareholder. (*See* Doc. 29, pp. 11–12.) Prasad asserts that any harm that Singh faces is of his own making because Singh "is in full control of the corporation, its records, and its assets . . . ." (Doc. 31, p. 11.) The evidence in the record belies this contention, however, as Prasad has made clear on multiple occasions that he is the one in charge. (*See* Doc. 29-1, Ex. D, p. 21; *id.*, Ex. F, p. 30.) As the purported majority shareholder, the Court finds that the potential harm to Prasad[1] in simply

---

[1] Though Prasad asserts that Singh is improperly spending UST's funds, the evidence that he points to—Singh paying himself several hundred thousand dollars (for

4

preserving the status quo until a full adversary hearing does not outweigh the potential harm to Singh in allowing the vote to go forward. Thus, Singh has adequately demonstrated the third requirement.

Finally, the Court also finds that the public interest will not be adversely affected by the issuance of this TRO. The TRO is meant merely to uphold the status quo until the Court can determine the outcome of this matter on the basis of a full and fair hearing between the parties, which serves the public's interest in justice.

Therefore, taking together the state of the record at this time, the parties' demonstrated animosity toward each other, and the serious factual disputes as to the ownership and control of the company, the Court finds that Singh has sufficiently proven that he is entitled to a limited TRO. Keeping in mind that a TRO is a serious remedy, and in the interest of facilitating communication between the parties, the Court will not enjoin the September 5 shareholder meeting from taking place. However, to keep the fragile balance intact, the Court will temporarily restrain Prasad from calling any vote in this or any other shareholder meeting during the pendency of this TRO.

The Court notes that nothing in this Order prevents it from granting or denying any preliminary injunction in this matter on the basis of fuller briefing and a hearing. This ruling is made solely on the present record in the interest of preserving the status quo.

---

what is unclear), lower revenue for UST this year than in past years, paying too much money for rent, and so on—do not clearly demonstrate that Prasad's harm in simply holding off on a vote outweighs Singh's clearly articulated harm as a minority shareholder in going forward with one. (*See* Doc. 31, pp. 8–10.) If Prasad's assertions of harm are true and well-supported, that will be a matter to be taken up at the preliminary injunction stage in the very near future.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff Ramakant Singh's Emergency Motion for Temporary Restraining Order and Preliminary Injunction and Supporting Legal Memorandum (Doc. 29) is **GRANTED**.

2. Defendant Sanjay Prasad is **TEMPORARILY RESTRAINED** from calling any vote on any issue at any UST shareholder or board meetings until Friday, **September 13, 2013**.

3. If Plaintiff seeks to have the temporary restraining order extended, Plaintiff may move the Court to do so on a showing of good cause. *See* Fed. R. Civ. P. 65(b)(2) ("The [temporary restraining] order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.").

4. An expedited hearing will be set by separate notice on Plaintiff's request for preliminary injunctive relief and on the pending motion for preliminary injunction in related case *Prasad v. Singh*, Case No. 6:13-cv-1158-Orl-37KRS. *See* Fed. R. Civ. P. 65(b)(3).

5. In its discretion, the Court waives the issuance of a bond at this time, due to the fact that the record does not demonstrate that Defendant Prasad will suffer any serious injury in the compressed timeframe between the consideration of this motion, the shareholder meeting, and the upcoming preliminary injunction hearing. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302–03 (5th Cir. 1978) ("The amount of

security required is a matter for the discretion of the trial court; it may elect to require no security at all."); *see also Johnston v. Tampa Sports Auth.*, No. 8:05-cv-2191-T-27MAP, 2006 WL 2970431, at *1 (M.D. Fla. Oct. 16, 2006). The Court will revisit the matter of a bond at the preliminary injunction stage, if necessary.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 30, 2013.

*[signature]*
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record