**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RAMAKANT SINGH,

        Plaintiff,

v.          Case No. 6:13-cv-1076-Orl-37KRS

SANJAY PRASAD; and UNIVERSAL
SYSTEM TECHNOLOGIES, INC.,

        Defendants.

---

SANJAY PRASAD,

        Plaintiff,

v.         Case No. 6:13-cv-1158-Orl-37KRS

RAMAKANT SINGH,

        Defendant.

---

**ORDER**

This cause is before the Court on the following:

1. In Case No. 6:13-cv-1076 (the "Florida action"):

   a. Order to Show Cause (Doc. 13), filed August 6, 2013;

   b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 25), filed August 16, 2013;

   c. Defendant Prasad's Response to This Court's Order to Show Cause (Doc. 26), filed August 16, 2013;

   d. Plaintiff's Reply to Defendant's Response to Court's Order to Show Cause (Doc. 33), filed August 30, 2013; and

  e. Prasad's Response in Opposition to Singh's Motion (Docket Entry #25) to Remand to State Court (Doc. 37), filed September 12, 2013;

2. And in Case No. 6:13-cv-1158 (the "Michigan action"):

  a. Defendant Singh's Motion to Dismiss Complaint and Compel Plaintiff to Assert Claims as Counterclaims in Related Case and Memorandum of Law in Support (Doc. 23), filed August 14, 2013; and

  b. Prasad's Response in Opposition to Singh's Motion (Docket Entry #23) to Dismiss Complaint and Compel Prasad to Assert Claims as Counterclaims (Doc. 45), filed September 12, 2013.

The Court held a hearing on these matters on October 3, 2013. After hearing argument and upon consideration, the Court orally ruled that it did not have jurisdiction over either action.

In the Florida action of Singh versus Prasad and Universal System Technologies, Inc. ("UST"), Singh has alleged that Prasad, as purported 51% shareholder of UST, committed fraud and other wrongdoing in the operation of the company. (Case No. 6:13-cv-1076, Doc. 2.) Therefore, UST is properly aligned as a party defendant in the Florida action. *See Liddy v. Urbanek*, 707 F.2d 1222, 1224–25 (11th Cir. 1983) ("[I]f the complaint in a derivative action alleges that the controlling shareholders or dominant officials of the corporation are guilty of fraud or malfeasance, then antagonism is clearly evident and the corporation remains a defendant."). Because Singh, a Florida citizen, and UST, also a Florida citizen, are aligned on opposite sides of this suit, there is no complete diversity and this Court does not have subject-matter jurisdiction. Thus, as the

Court orally ruled at the hearing, the Florida action is due to be remanded to the state court.

In the Michigan action of Prasad versus Singh, the parties now agree that UST is an indispensable party to that action. (*See* Case No. 6:13-cv-1076, Doc. 26, p. 4.)[1] If UST were joined to the action, it would necessarily be aligned with Prasad as a party plaintiff. *See Liddy*, 707 F.2d at 1224–25 ("[I]f the individual plaintiff is the majority stockholder or a controlling officer, then the corporation cannot be deemed antagonistic to the suit and it should be realigned as a plaintiff."). This would destroy diversity, as UST and Singh—both Florida citizens—would again be on opposite sides. Because UST is an indispensable party that cannot be feasibly joined because of the destruction of subject-matter jurisdiction, the Court orally ruled that the Michigan action is due to be dismissed without prejudice. *See* Fed. R. Civ. P. 19.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Order to Show Cause (Case No. 6:13-cv-1076, Doc. 13) is **DISCHARGED**.

2. Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Case No. 6:13-cv-1076, Doc. 25) is **GRANTED**.

3. Case No. 6:13-cv-1076-Orl-37KRS is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

4. Defendant Singh's Motion to Dismiss Complaint and Compel Plaintiff to Assert Claims as Counterclaims in Related Case and Memorandum of

---

[1] Prasad's counsel also conceded at the hearing that UST is an indispensable party to the Michigan action. *See also Liddy*, 707 F.2d at 1224 ("There is no question that a corporation is an indispensable party in a derivative action brought by one of its shareholders.").

        Law in Support (Case No. 6:13-cv-1158, Doc. 23) is **GRANTED**.

5. Case No. 6:13-cv-1158-Orl-37KRS is **DISMISSED WITHOUT PREJUDICE**.[2]

6. All other pending motions in both actions are **DENIED WITHOUT PREJUDICE**.

7. The Clerk is **DIRECTED** to close both case files.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 3, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida

---

[2] The Court notes for the benefit of the state court that, in order for this case to proceed in the correct procedural posture, it believes that Prasad should be permitted to file his claims as counterclaims to Singh's action in state court. Singh's counsel agreed at the hearing that he would not oppose a post-remand amendment of Prasad's answer to include those counterclaims.